UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-cv-00880-JHN-JCx | Date | March 31, 2010 |
|---|---|---|---|
| Title | Equitable Transitions Inc v. 4Kids Ad Sales Inc et. al. | | |

| Present: The Honorable | Jacqueline Nguyen | | |
|---|---|---|---|
| Alicia Mamer | Not present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:      Attorneys Present for Defendants:

Not present      Not present

**Proceedings:**      **(IN CHAMBERS) ORDER REMANDING CASE TO THE LOS ANGELES SUPERIOR COURT** (Document No. 14)

On February 5, 2010, this action was removed to this Court pursuant to 28 U.S.C. § 1441(b) and 28 U.S.C. § 1332. On March 3, 2010, Plaintiff filed a Motion to Remand. (Docket no. 14.) The Court has considered the Motion, Opposition, and Reply, and deems the matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for April 12, 2010, is removed from the Court's calendar. For the reasons set forth below, the Court hereby GRANTS Plaintiff's Motion to Remand.

Plaintiff filed this Motion pursuant to 28 U.S.C. § 1447 on the ground that this Court lacks subject matter jurisdiction over the present case because the claim is for less than the amount in controversy required by 28 U.S.C. § 1332(a) to establish diversity jurisdiction. Plaintiff's First Amended Complaint ("FAC") amended their original Complaint by altering the amount sought from nearly $3 million in allegedly recoverable transfers to seeking "not less than $74,000." Defendants in their Opposition state that this alteration in pleading "was nothing more than a transparent attempt to destroy diversity jurisdiction" and "fails the good faith requirement." (Opposition at 3-4.) Defendants are particularly troubled because "not less than $74,000" "seeks to impose a floor, not a ceiling, on the amount Plaintiff seeks." (Opposition at 6.)

Removal on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), requires that the amount in controversy exceed $75,000. The amount of damages Plaintiff seeks is unclear from the complaint and defendants bear the burden of "proving the *facts* to support jurisdiction, including the jurisdictional amount. . . . by a preponderance of evidence." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992) (emphasis added and removed). A "mere averment" that the amount in controversy exceeds $75,000 is insufficient. *Id*. at 567. Neither does an allegation based on information and belief constitute proof by a preponderance of the evidence. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). "If the amount in controversy is not clear on the face of the complaint . . . defendant must . . . submit summary-judgment type evidence to establish that the actual amount in controversy exceeds $75,000." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002) (quotations omitted).

Defendants rely on no facts to support an amount in controversy greater than $75,000. Instead, they rely on the discrepancy between the amount sought in Plaintiff's original Complaint and the FAC, and surmise that because such an alternation is crafted to end removal jurisdiction, it must necessarily be fraudulent. Plaintiff counters this assertion with facts that indicate that their claim for $74,000 is both a ceiling and was made in good faith. "A plaintiff may, of course, stipulate to damages in order to avoid federal jurisdiction, or the jurisdiction of particular

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:10-cv-00880-JHN-JCx | Date | March 31, 2010 |
|---|---|---|---|
| Title | Equitable Transitions Inc v. 4Kids Ad Sales Inc et. al. | | |

federal courts." *Lowdermilk v. U.S. Bank National Ass'n,* 479 F.3d 994, 999 n.5 (9th Cir. 2007). Plaintiff asserts in their Reply that they "remain[] willing to stipulate that [they] will seek to recover *no more than* $74,000 in state court." (Emphasis in original.)  Furthermore, on February 12, 2010, Defendant's counsel emailed Plaintiffs counsel and asked, "If you would stipulate that any damages are capped at $74,000 en toto, we would agree that the federal court would be deprived of diversity jurisdiction.  Do you agree that your damages are capped at $74,000 en toto?" (Declaration of Louis H. Altman Ex. 2.) Plaintiff's counsel replied that he would stipulate to this cap "other than costs and other amounts that would not be included for removal purposes." *Id*. Defendants have not only failed to meet their burden to prove the amount in controversy, their assertions have been flatly contradicted by the Plaintiff's evidence.

The matter is hereby **REMANDED** to the Los Angeles Superior Court.

|  | : | N/A |
|---|---|---|
| Initials of Preparer | | CSI |